**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Phoenix Funding Group, LLC,** | ) | **CASE NO. 1:13 CV 1871** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Whittguard Security Services, Inc.,** | ) | **Memorandum of Opinion and Order** |
| *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff Phoenix Funding, LLC's Motion for Remand and For an Award of its Fees and Costs for Defendants' Improper Removal and to Stay Counterclaim Response Deadline (Doc. 8). This is a breach of contract action. For the reasons that follow, the motion for remand is GRANTED. In addition, plaintiff's request for fees and expenses is GRANTED. Plaintiff is to submit a fee petition with supporting documentation within 14 days of the entry of this Order. Plaintiff's request for an extension of time to respond to the counterclaim is granted as requested.

1

**ANALYSIS**

Plaintiff, Phoenix Funding, LLC, brought this lawsuit in a state court in Michigan against defendants, Whittguard Security, Inc. and James Whitt.  The complaint arises from an alleged breach of contract and seeks damages in the amount of $26,131.99.  Defendants removed the action to this Court on the grounds of diversity of citizenship.  According to defendants, the parties are citizens of different states.  In addition, defendants claim that they intend to assert a counterclaim which, when added to the amount of damages plaintiff seeks, brings the total "amount in controversy" over the $75,000 jurisdictional amount.

Plaintiff moves to remand on the ground that the removal statute requires that a case filed in state court be removed to the federal jurisdiction in which the state court sits.  Because this action was filed in Michigan, removal to any Ohio federal court is procedurally improper.  In addition, plaintiff claims that you cannot include the value of a counterclaim in assessing the amount in controversy.  In response, defendants do not directly dispute that the removal statute required them to remove this matter to a federal court in Michigan.  Rather, defendants analyze the case under the federal venue statute and argue that the factors all weigh in favor of allowing the case to proceed here.  Defendants also argue that they are permitted to count the value of their counterclaim in ascertaining the amount in controversy.

Upon review, the Court finds that remand is required.  As plaintiff aptly points out, the removal statue expressly provides that "any civil action brought in a State of which the district courts of the United States have original jurisdiction, may be removed by the defendant[s]..., to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441.  Because this case was filed in state court in Michigan,

removal to an Ohio federal district court is improper.

Because this case should have been removed (if at all) to the federal district embracing the place where the Michigan state court sits, the Court finds that it would be improper for this Court to address whether the amount in controversy is satisfied. That issue (including any issues regarding venue), are not properly before this Court. Accordingly, the motion for remand is GRANTED.

The Court also finds that an award of fees and costs is appropriate in this case. This Court is unaware of any litigant represented by counsel attempting to remove an action from Michigan state court to the Northern District of Ohio. Even a cursory reading of the removal statute demonstrates that such an action is improper. Nonetheless, when faced with a motion to remand, defendants continued to argue that removal is appropriate by citing to the *venue* statute.[1] The Court finds that there was no even arguable basis for removal to this District and, therefore, an award of costs and fees is warranted. Defendants are to submit a petition with supporting documentation within 14 days of the entry of this Order. The Court cautions defendants, however, that this issue is very straightforward. The Court presumes that the fees associated with bringing this issue to the Court's attention are not unduly significant.

**CONCLUSION**

For the foregoing reasons, Plaintiff Phoenix Funding, LLC's Motion for Remand and For an Award of its Fees and Costs for Defendants' Improper Removal and to Stay Counterclaim

---

[1] The parties dispute whether defendants afforded plaintiff an opportunity to voluntarily remand the action before the motion was filed. Regardless, however, even in the face of the motion, defendants continued to press the argument that removal to this District was proper.

Response Deadline is GRANTED. Plaintiff is to submit a fee petition with supporting documentation within 14 days of the entry of this Order.

      IT IS SO ORDERED.


                                         /s/ Patricia A. Gaughan
                                         PATRICIA A. GAUGHAN
                                         United States District Judge

Dated: 10/25/13